IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICKY J. HAMBY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 05-626-JJF |
| | : |
| DR. KASTRE, et al., | : |
| | : |
| Defendants. | : |

## MEMORANDUM ORDER

Plaintiff Ricky J. Hamby ("Hamby"), an inmate at Howard R. Young Correctional Institution ("HRYCI"), brings this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and on September 7, 2005, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 4). The Court now proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the claims against Drs. Kastre and Kionke are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

I.  **THE COMPLAINT**

Plaintiff, a chronic care patient, brings this action alleging that Defendants have consistently failed to meet his medical needs in violation of the Eighth Amendment.  More particularly, he alleges that upon his arrival at HRYCI his orthopedic shoes and foot brace were taken from him, never to be seen again.  Plaintiff alleges he was in constant pain, but that

he was ultimately seen by a specialist who ordered pain management, orthopedic shoes and a foot brace. Plaintiff alleges that despite the findings of the specialist, he has yet to receive the treatment, shoes and brace. Plaintiff alleges he corresponded with Warden Raphael Williams and Commissioner Stan Taylor regarding the issue, to no avail. He seeks compensatory damages and injunctive relief.

## II.  STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent

standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

## III. ANALYSIS

"A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003)(quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

Plaintiff names as Defendants Dr. Kastre and Dr. Kionke. The complaint, however, contains no allegations against these Defendants, and Plaintiff provides no facts to support a claim against them. As a result, the claims against Dr. Kastre and Dr. Kionke lack an arguable basis in law or in fact and are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## IV. CONCLUSION

NOW THEREFORE, at Wilmington this 27 day of February, 2006, IT IS HEREBY ORDERED that:

1. Plaintiff's claim against Defendants Dr. Kastre and Dr. Kionke are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2. The court has identified a cognizable Eighth Amendment medical needs claim against Defendants Dr. Ali, Dr. Aramburo, Warden Raphael Williams, Commissioner Stan Taylor, Dr. Fisher, and Diane Hernandez. Plaintiff is allowed to PROCEED against these Defendants.

IT IS FURTHER ORDERED that:

1. The Clerk of the Court shall cause a copy of this order to be mailed to Plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), Plaintiff shall complete and return to the Clerk of the Court an **original** "U.S. Marshal-285" form for **the remaining Defendants Dr. Ali, Dr. Aramburo, Warden Raphael Williams, Commissioner Stan Taylor, Dr. Fisher, and Diane Hernandez** as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). Plaintiff has provided the Court with copies of the complaint (D.I. 2) for service upon the remaining Defendants. **Plaintiff shall also provide the Court with one copy of the statement of facts (D.I. 3) to be served upon each of the remaining Defendants.** Plaintiff is notified that the United States Marshal will not serve the complaint and statement of facts **until all "U.S. Marshal 285" forms have been received by the Clerk of the Court. Failure to provide the "U.S. Marshal 285" forms for the remaining Defendant(s) and the attorney**

4

**general within 120 days from the date of this order may result in the complaint being dismissed or Defendant(s) being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3. Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint, the statement of facts, this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) identified in the 285 forms.

4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a Defendant, the United States Marshal shall personally serve said Defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said Defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

5. Pursuant to Fed. R. Civ. P. 4(d)(3), a Defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a Defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting

affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE:** *** When an amended complaint is filed prior to service, the Court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

8. **NOTE:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

/s/ Joseph J. Farnan
UNITED STATES DISTRICT JUDGE