IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICKY J. HAMBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-626-JJF |
| | ) | |
| DR. KASTRE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**STATE DEFENDANTS RAPHAEL WILLIAMS AND
STANLEY TAYLOR'S RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF**

COMES NOW, the State Defendants Warden Raphael Williams and Commissioner Stanley Taylor (the "State Defendants"), by and through their undersigned counsel, and hereby respond in opposition (the "Response") to Plaintiff's Motion For Injunctive Relief (the "Motion") (D.I. 18). In support of the Response, the State Defendants state as follows:

1. Plaintiff, Ricky J. Hamby ("Hamby" or "Plaintiff") is an inmate at Howard R. Young Correctional Institution ("Howard Young"). He is appearing *pro se* in this matter and has been granted leave by this Court to proceed *in forma pauperis*.

2. On August 25, 2005, Hamby filed with this Court a Complaint pursuant to 42 U.S.C. § 1983, against the State Defendants, as well as other defendants, alleging, *inter alia*, that the defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment. (D.I. 2).[1]

---

[1] The State Defendants were not served with the Complaint until after they received notice of the Motion for Injunctive Relief. The deadline for the State Defendants' response to the allegations in the Complaint is presently set for May 4, 2006.

3. Over seven (7) months after he filed the Complaint, on March 30, 2006, Hamby filed the Motion. In the Motion, Hamby contends that he has been subjected to verbal threats including threats to do bodily harm, since the filing of his lawsuit. He also contends that he has been wrongly placed in administrative segregation and pre-hearing detention in retaliation for filing his lawsuit.

4. The State Defendants deny the allegations in the Motion and assert that Hamby has not been subjected to verbal threats. Moreover the State Defendants assert that Plaintiff was disciplined with administrative segregation not in retaliation for filing his lawsuit, but as a direct result of his violation of several of Howard Young's rules. Thus Plaintiff cannot prove a claim of retaliation and his request for injunctive relief is without merit and should be denied.

5. A grant of injunctive relief is an extraordinary remedy. Thus a request for injunctive relief should only be granted in limited circumstances. *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989).

6. The Third Circuit has held that a district court should grant a request for preliminary injunction only if "(1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1998). An injunction should only issue if all four factors favor relief. *See S & R Corporation v. Jiffy Lube International, Inc.*, 968 F.2d 371, 374 (3d Cir. 1992).

7. To obtain a preliminary injunction Hamby must satisfy all four factors. If Hamby cannot prove that he has a likelihood of success on the merits of his

retaliation claim or that he is likely to suffer irreparable injury, the request for preliminary injunction should be denied. *See Instant Air*, 882 F.2d at 800.

### I. Plaintiff Is Not Likely To Succeed On The Merits Of His Retaliation Claim.

8. To demonstrate a likelihood of success on the merits of a retaliation claim a plaintiff must show that (1) the conduct which led to the alleged retaliation was constitutionally protected; (2) he suffered some "adverse action" at the hands of the prison officials; and (3) his constitutionally protected conduct was "a substantial or motivating factor" in the decision to discipline him. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). If the plaintiff can demonstrate a likelihood of success, the burden then shifts to the prison officials to demonstrate that "they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." *Id.* at 334.

#### A. The State Defendants were not aware Hamby had filed a lawsuit.

9. The State Defendants concede that Hamby may have a constitutionally protected right to file the lawsuit. But the State Defendants did not receive notice that Plaintiff had filed the lawsuit until they were served with a copy of the Complaint on April 14 and 17, 2006 – over two weeks after the Motion was filed. (*See* D.I. 23 and 25, respectively). Thus the State Defendants could not have retaliated against Hamby for filing the lawsuit when they had not even received notice of the lawsuit.

10. Moreover Hamby claims that Officer Timothy Buff and Lieutenant Kevin Senato, employees of Howard Young, retaliated against him for filing the lawsuit. But neither Officer Buff nor Lieutenant Senato is a named defendant in the lawsuit and

they did not learn of the lawsuit until April 21 and 20, 2006, respectively. Buff Affidavit at A-1; Senato Affidavit at D-1.

11. The State Defendants and the officers of Howard Young could not have retaliated against Hamby for a lawsuit that they were not aware had been filed. Therefore, although Hamby may have a constitutional right to file the lawsuit he cannot prove that the prison officials retaliated against him for a lawsuit that they were not aware existed.

### B. Plaintiff did not suffer adverse action at the hands of the prison officials.

12. Assuming *arguendo* that Plaintiff can prove the prison officials were aware he had filed the lawsuit, he must also prove that he suffered adverse action at the hands of the prison officials. Hamby claims that he has been subjected to numerous threats since the filing of his lawsuit, mainly by Lieutenant Senato. But, as previously mentioned, Lieutenant Senato had no knowledge of Hamby's lawsuit. Senato Affidavit at D-1. Moreover Lieutenant Senato has never made any threats to Hamby. *Id.* Thus Plaintiff cannot prove that he suffered adverse action in the form of threats.

13. Further, it is important to note that Plaintiff has not filed a single grievance alleging that an officer threatened him prior to or since the filing of this lawsuit. Plaintiff's allegations are unsubstantiated and meritless. Plaintiff has suffered no adverse action in the form of verbal threats or threats to do bodily harm. Therefore he cannot support a claim of retaliation.

### C. The lawsuit was not a motivating factor in the discipline Hamby received.

14. Finally Hamby contends that the prison officials have retaliated against him by placing him in administrative segregation and housing him on the disciplinary pod. But Hamby is misrepresenting the facts. The record clearly reflects that the decisions to discipline Plaintiff were a result of Hamby's violation of Howard Young's rules and would have been made absent the existence of the lawsuit.

15. Hamby's first complaint involves an incident that occurred with Officer Buff. On February 24, 2006, Officer Buff conducted a routine shakedown of Plaintiff's cell. Buff Affidavit at A-2. During the course of the shakedown Officer Buff discovered that Plaintiff had within his possession the SBI numbers, names, Social Security numbers, home phone numbers and addresses of several Howard Young inmates. *Id.* Officer Buff also found an "IOU" sheet with the names of several inmates who appeared to owe Hamby various items from the commissary. *Id.*

16. In addition to the private inmate information, Hamby also had other contraband in his cell including a wire that was stripped on both ends and numerous amounts of excess clothing and linen. Buff Affidavit at A-2; Exhibits B and C. As a result of the items discovered during the shakedown Hamby was found to have violated Howard Young's rules against Abuse of Privileges, Bartering, Failing to Obey an Order, Lying, and Possession of Non-Dangerous Contraband. Buff Affidavit at A-3; Exhibits B and C. Hamby was then disciplined for his violation of the rules by being placed in administrative segregation. Buff Affidavit at A-3; Exhibits B and C.

17. Clearly Hamby was not placed in administrative segregation because he filed the lawsuit. Rather he was placed in segregation as a direct result of his

own deviant conduct, namely his violation of Howard Young's rules.  Therefore Hamby cannot prove the lawsuit was a motivating factor in the discipline he received.

18.  Hamby also claims that he was placed on the 1E pod (the disciplinary pod) in retaliation for filing his lawsuit.  But again Plaintiff is misrepresenting the facts.  On March 24, 2006, Hamby was scheduled to be moved from administrative segregation to the general population.  Senato Affidavit at D-1.  As a sentenced inmate Howard Young's rules dictated that Hamby be moved to the West Side of the facility.  *See* Senato Affidavit at D-2.  When officers approached Hamby to move him, he demanded that he be placed in the East Side of the facility.  Exhibits E and F.  Lieutenant Senato then instructed the officers to inform Hamby that if he continued to refuse to be moved to "his assigned West Side housing unit he would be disciplined for Disorderly Behavior and placed on 1E Pod which houses inmates who have Class 1 disciplinary write-ups."  Senato Affidavit at D-2.  Hamby, however, continued to refuse to move to his designated area as required.  Lieutenant Senato then instructed the officers to place Hamby on the 1E pod.  Senato Affidavit at D-2; Exhibits E and F.  Hamby was later found guilty of disorderly or threatening behavior and failing to obey an order.  Exhibit G.

19.  Again the record is clear – Hamby was not disciplined in retaliation for filing the lawsuit.  Rather Hamby was disciplined for violating Howard Young's rules.  Thus this incident does not prove that Hamby is being retaliated against for filing the lawsuit.

20.  Hamby cannot prove a claim of retaliation.  There are no facts to support his claim that he has been threatened by the officers or the State Defendants.

Further his filing of a lawsuit was not the motivating factor in the discipline that he received.  Therefore Hamby does not have a substantial likelihood of succeeding on the merits of a retaliation claim and his request for injunctive relief should be denied.

### II. Plaintiff Will Not Suffer Irreparable Injury If The Request For Injunctive Relief Is Denied.

21.     To demonstrate irreparable injury a plaintiff must prove "more than a *risk* of irreparable harm …." *Continental Group, Inc. v. Amoco Chemicals Corp.*, 614 F.2d 351, 359 (3d Cir. 1980) (emphasis added).  Injunctions are not issued to eliminate a possibility of a remote future injury. *Id.*  Rather, an injunction is used where the movant has shown that he "is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SI Handling Systems, Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985).

22.     Plaintiff cannot prove that he will suffer irreparable injury if his request for relief is denied.  His claims of verbal threats are unsubstantiated.  Further the discipline that Plaintiff received was a direct result of his own deviant conduct and violation of Howard Young's rules.  Thus neither the State Defendants nor the Howard Young officers have retaliated against Plaintiff or caused him any harm or injury.  There is, therefore, nothing to support Hamby's claim that he will suffer irreparable harm or injury if the Motion is denied.

23.     Further, assuming Plaintiff does have evidence to support his allegations, he has not proven that acts of retaliation are likely to occur at the time the injunction is issued.  Injunctive relief is used to prevent definite future harms, not to remedy past violations. *See SEC v. Bonastia*, 614 F.2d 908, 912 (3d Cir. 1980).  Therefore Plaintiff is required to show that he will suffer some irreparable harm if the

injunction is not issued.  The record, however, does not reflect that Plaintiff will suffer any future irreparable harm.  Thus a grant of injunctive relief is not proper.

24. Plaintiff's allegations are unfounded.  The evidence demonstrates that the State Defendants have not retaliated against him.  Moreover it is clear that Hamby will not suffer any irreparable injury if the injunction is denied.  Therefore Plaintiff has not satisfied the factors for injunctive relief and his Motion should be denied.

WHEREFORE, the State Defendants respectfully request that this Honorable Court deny Plaintiff's Motion for Injunctive Relief.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Carvel State Office Building, 6th Floor
820 N. French Street
Wilmington, DE  19801
(302) 577-8400
    Attorney for State Defendants Raphael
    Williams and Stanley Taylor

Dated: April 21, 2006

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICKY J. HAMBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-626-JJF |
| | ) |
| DR. KASTRE, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Upon the Plaintiff's Motion For Injunctive Relief (D.I. 18), and State Defendants Raphael Williams And Stanley Taylor's Response In Opposition To Plaintiff's Motion For Injunctive Relief; and it appearing that good and sufficient notice of Plaintiff's Motion and Defendants' Response has been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** that Plaintiff's Motion For Injunctive Relief is **DENIED**.

SO ORDERED this _____ day of _____, 2006.

_____
The Honorable Joseph J. Farnan, Jr.
United States District Court Judge

# CERTIFICATE OF SERVICE

I, Erika Y. Tross, Esq., hereby certify that on April 21, 2006, I caused a true and correct copy of the attached **STATE DEFENDANTS RAPHAEL WILLIAMS AND STANLEY TAYLOR'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF** to be served on the following individual in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Inmate Ricky J. Hamby
SBI #191377
Howard R. Young Correctional Institution
P.O. Box 9561
Wilmington, DE 19809

**MANNER OF DELIVERY:**

__ One true copy by facsimile transmission to each recipient

✓ Two true copies by first class mail, postage prepaid, to each recipient

__ Two true copies by Federal Express

__ Two true copies by hand delivery to each recipient

/s/ Erika Y. Tross
Erika Y. Tross (#4506)
Deputy Attorney General
Department of Justice
State of Delaware
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for State Defendants Raphael Williams and Stanley Taylor