## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICKY J. HAMBY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 05-626-JJF |
| DR. KASTRE, et al., | ) ) ) |
| Defendants. | ) ) |

### AFFIDAVIT OF KEVIN SENATO

I, Kevin Senato, having been duly sworn by law, do hereby depose and state as follows:

1. I am employed by the State of Delaware Department of Correction ("DOC") as Lieutenant at the Howard R. Young Correctional Institution ("Howard Young"), Wilmington, Delaware. I have been employed by the D.O.C. since October 5, 1992, and as a Lieutenant since September 2004. I have served my entire career at the Young Correctional Institution. (Previously the M.P.C.J.F.)

2. I had no knowledge that Ricky Hamby filed the above-captioned lawsuit. I did not learn that Inmate Hamby filed the lawsuit until April 20, 2006, when I was informed by Deputy Attorney General Erika Tross. To my knowledge I have not been named as a defendant in this lawsuit.

3. I have never made any threats to Inmate Hamby.

4. On March 24, 2006, I received word from Officer Ewonnu Campbell through Sergeant Marvin Edwards that Inmate Hamby had to be moved from Administrative Segregation, where he was being housed, to the general population of

the prison. It is the standard operating procedure of Howard Young that when a sentenced inmate has completed his time in Administrative Segregation he is to be moved to a general population housing unit on the West Side of the Howard Young facility. Officer Campbell informed me through Sergeant Edwards that Inmate Hamby was refusing to move to the West Side of the facility. Instead Inmate Hamby was demanding that he be placed on the East Side of the facility.

5. I instructed Sergeant Edwards to tell Inmate Hamby that if he continued to refuse to move to his assigned West Side housing unit he would be disciplined for Disorderly Behavior and placed on 1E Pod which houses inmates who have Class 1 disciplinary write-ups.

6. To my knowledge Officer Campbell then informed Inmate Hamby that if he continued to refuse to move to his designated West Side area as required, he would be sent to 1E pod. Sergeant Edwards came back to me several times informing me that Inmate Hamby refused to move in accordance with direct orders.

7. After Inmate Hamby continued to refuse to obey direct orders I instructed Officer Campbell to place him on 1E pod. Officer Campbell then placed Inmate Hamby on 1E pod without further incident.

Kevin Senato

SWORN AND SUBSCRIBED before me this 20th day of April, 2006.

TYSHA Y. BRYANT
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires Jan. 19, 2008