To: Clerk of The United States District Court
844 N. King Street

April 26, 2006 10:00am

Fr: Ricky J Hanley
P.O. Box 9561
Wilm: De. 19809

Civ. No. 05-626-JJF

Re: Response as ordered to Defendants.

J.J.F.

In response to Deputy Attorney's Erika Y. Tross (#4506), where he states my relief should be denied with aspect of my segregation as having no merit and that segregation was because of institutional rule breaking, I contend that all my allegations (abuses by Lt. Senato, others being in conspirators in this claim).

In short, since it is almost "impossible" to prove my claim I would in respects to all involved ask that a Lie Detector Test be conducted to prove that Lt. Senato "is in fact lying" and I personally submitt to take the test, "will Lt. Senato."

See enclosed copy of handbook for Court to review and copy of my Appeal where I will prove My Due Process Rights were in fact violated in every single case of institutional

[FILED MAY - 9 2006 BD scanned U.S. DISTRICT COURT DISTRICT OF DELAWARE]

charge ever filed against me.
1. Impartial Hearing Officer.
2. Was denied confronting my accusers.
3. Was denied my witnesses.
4. Hearing cannot find a person guilty just because he "Lt. Williams Hearing Officer" believes a person is! He has to receive in writing from the fact finder, "the fact" to my guilt if any which has to be submitted to me and at least on before the hearing.

It is a common thing for the institutional staff to threaten inmates and to retaliate at will with no fear of prosecution, if the court "will."

I will ask the court to continue to be liberal in this case and request at minimum for a Lie Detector to be conducted on Myself and at least Lt. Senato, in order to prove I am in fact telling the truth and to prove that Lt. Senato lied on his Affidavit!

With all due respect, I ask of the United States District Court to conduct further investigation (Lie Detector Test), and not entertain the Motion to Dismiss my claim from the defendants at this time. I further contend as previously that segregation was all a deterrance to the previous threats from Lt. Senato, also

due to D.O.C. and S.O.P. policies a class 2 write up does not constitute segregation and furthermore more I wasn't found guilty for the charges I was placed into segregation for.

An investigation into my claims and the disciplinary procedures here at H.R.Y.C.I. will show that the due process is never met with law set to the process disciplinary charges, it is common that if an inmate is written up, almost all the cases with guilty findings at a hearing is based solely on the hearing officers belief only, not with fact to pass a guilty finding.

Here this day the 26th of April, it is requested to proceed further in this claim and "Not" a dismissal as requested by the state. This injunctive relief is all that stands in the way of defendants retaliatory conduct.

Also, this institution NEVER gives handbooks on the rules upon entering this institution as required, this can be verified because we sat to sign for handbooks which nobody I know has ever received a handbook until after they so call break a rule. I also did submitt two (2) separate Grievence's to officers threatening conduct but has never been acknowledged by

this institution. They (S.R.F.C.I. Staff) do not follow their own rules and procedures but merely do as they please. For the means of filling there want's and needs.

I guarantee a lie detector test will show everything I claim!

I respectfully ask that the court to investigate this institution's Staff and conduct, To dismiss would open the door they are waiting for, please do not let this happen.

Respects And Confidence,
Ricky J Hamley

cc: rd
file



**STATE OF DELAWARE**
**DEPARTMENT OF CORRECTION**
**HOWARD R. YOUNG CORRECTIONAL INSTITUTION**
1301 East 12th Street
Wilmington, Delaware 19802
(302) 429-7700

INMATE HANDBOOK

WARDEN RAPHAEL WILLIAMS

This handbook is designed to provide you with basic information so that you can better understand the operations of the Multi-Purpose Criminal Justice Facility. If you have additional questions or concerns, you are encouraged to direct them to your housing unit officer.

Revised: 8/26/03



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
HOWARD R. YOUNG CORRECTIONAL INSTITUTION
1301 EAST 12TH STREET
WILMINGTON, DELAWARE 19809
Telephone: (302) 429-7747
Fax: (302) 429-7716

Raphael Williams
Warden IV

## *MEMORANDUM*

TO:    *Ricky Hamby, 191377*
       *1E Pod*

FROM:  *Warden Raphael Williams*

DATE:  *March 31, 2006*

SUBJ:  ***YOUR RECENT CORRESPONDENCE***

    *Your correspondence has been forwarded to Captain Berggrun for review and response.*

RW:adc

## *DISTRIBUTION*

*Captain Berggrun*
*File*

Appeal of Sanction Imposed on March 26,06    Time 22:56 p.m.

To: Raphael Williams

From: Ricky J Hamby #190327 1-F-12

March 29, 06, Time: 15:19 p.m.

Re: Appeal - Disorderly or Threatening Behavior. Failing to Obey an order - Off Limits.

Mr. Williams;

On March 24, 06, Captain Bergun released me from Segregation (Charges dismissed - Investigation Rescinded) at the time I had the opportunity to inform Captain Bergun that "if" I was placed in the "west side population" I would in fact be subjected to immediate to purposeful danger. (See Letter to Captain Bergun dated March 26,06 at 18:55 hrs.). On the 24th, the day of my release, Captain Bergun and I discussed these concerns; where as he told me "Quote" "he would leave a notation in the module that I was to be released to the "East Side Only"

On the same day approximately 19:00 hrs I explained to Sgt. Edwards of Captain Bergun's and My conversation, he said he was taking this (my) situation to Captain Bamford, instead, Lt. Senato intercepted and put false institutional charges on me.

At "NO TIME" did I display any Disorderly or Threatening Behavior, nor did I break any other rule; it is also my understanding that when an inmate brings a threat to his (my) person, that the shift commander by way of chain of command will address the "issue" Wolff V. McDonnell (b) there must be a finding of guilt or not guilty based on facts - "No finding of guilt is to be based on the Hearing Officers "Belief", there must be a "written statement by the "fact finder" as to the evidence relied on and reasons for the disciplinary action. Morrissey V.

Brewer-supra, 408 Par (b) U.S. 7 - The inmate should be allowed to call witnesses, confront accuser and to counsel.

Standards: The Disciplinary Committee is made up of the associate Warden Custody as Chairman, the correctional industries Superintendent, and the Reception Center Director. The "committee" is not left at large with "unlimited discretion."

Arnett v. Kennedy 416. U.S. - We have "held that" "in almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross examine adverse witnesses." Morrissey v. Brewer. Prison Disciplinary proceedings "will" invariable turn on disputed question of fact - see Land Mar v. Royster - and in addition to the usual need for cross-examination to "reveal mistakes" of identity, faulty perceptions or cloudy memories, there is a significant potential for abuse of the disciplinary process by "persons motivated by malice, vindictiveness, intolerance, prejudice, or jealousy." Green v. McElroy: "Whether these be inmates 'seeking' revenge or 'prison guards'" (At Senator), seeking to vindicate their otherwise absolute power over the men under their control. See also Davis v. Alaska.

In light of this, it is clear that due process laws were not met, and also Lt. Daniels stated the reason he were keeping me down here for 15 days were to avoid another miscommunication and any future to try and place me into dangerous positions and give times to Warden Raphael Williams and Captain Williams and or Major Drew Williams a chance to find me room on the east side as a sentenced inmate "Quote" because "they" can do this I can't (meaning himself.) He also suggested I write to you and Captain Burgos which I agree, to wit: this appeal facts of law, letter posttrial Burgos. I respectfully request that his decision

be expunged and release me Ricky J Hamby to the <u>East Side Only</u> based on <u>fact of law</u> violation of due-process, and medical status (<u>Chronic Care Patient - Disabled</u>), and the grounds for being in placed in 1-E as a temporary solution until housing is available on the East Compound.

Respectfully
Submitted
Ricky James Hamby

Note: See Original to R.W.

Appeal Notice: 3/29/06 at 6:19 p.m.

ori: Warden Raphael Williams
cc: Ricky J Hamby #191377
     file

Awaited Response, r.w.

my copy

TO: Captain Bergum
    Investigator

FR: Ricky Hamby #191377
    1-F-12

March 26rd 2005
Time: 18:55 pm

Mr. Bergum;

On March 24, 2005 you came to 1-F-20 to inform me that your investigation was complete, and gave me my Transfer Sheet.

At that time I informed you that if I had to be placed on the west side I would be placed in a dangerous threatening situation, I also ask if you would leave a notation with my paper work as to avoid any trouble to move me to the East Side Only because besides the threat to me and that I just can't take being 3 two a cell, beating and banging all day and night and I would appreciate your help? You said to me ok "but" you know were crowded and you may have to wait a couple day's, I responded saying I don't mind. I even wrote a reminder to you on paper of which I waited until you were done talking to the last person in 4 cell, on your way out you looked at the paper and again said ok, and at that time I stated I really really appreciate

sunday night, about the call.

On the same day officer Campbell started moving alot of people and he called my call and said "hamby-you ready" I ask, ready for what, he said, your moving, "I ask where to" he first stated 2-L, I tried to explain our conversation and he informed Sgt Edwards who came to talk to me, I tried again to express my concerns that if I was forced to be placed on the west side their would definitly be a a threatening problem, and I also ask them to please listen to me, not just about the dangerous position they were trying to place me in, but my medical situation as well and "I just can't take it" at that point Sgt Edwards said he would talk to Captain Bamford and get back to me, instead Lt Sonato told Sgt Edwards to charge me with Disorderly or Threatening Behavior, Failing to obey an order and off limits.

On March 26th, 06, tonight I went before Lt. Daniels who I explained my situation and my concerns and informed him of our conversation, He stated I should write to you and he could just find my "time served" but instead he was given me 15 day L.O.A.P. to make sure there was time to avoid this same problem and that he would definitly leave a note to you about it because he was going with his officers side but trying to help me at the same time. I would appriciate your knowledge of the true facts and to help me to get this situation and write up expounged, as I am following Lt. Daniels advice, he said they can do this for you hamby "I can't" Please stop by and let me know your position in this matter

