IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICKY J. HAMBY,<br><br>    Plaintiff,<br><br>  v.<br><br>DR. KASTRE, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)  Civ. No. 05-626-JJF<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

Pending before the Court is a motion for injunctive relief and motion for appointment of counsel filed by Plaintiff Ricky J. Hamby. (D.I. 18.) Plaintiff alleges that he has been subjected to verbal threats and placed in administration segregation and pre-hearing detention in retaliation for filing the present lawsuit. On April 12, 2006, the Court ordered Defendants to respond to the motion and Defendants filed a timely response, and Plaintiff filed a reply. (D.I. 21, 29, 33.)

When considering a motion for a temporary restraining order or preliminary injunction, the Court determines: (1) the likelihood of success on the merits; (2) the extent to which the Plaintiff is being irreparably harmed by the conduct complained of; (3) the balancing of the hardships to the respective parties; and (4) the public interest. Kos Pharmaceuticals, Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004)(citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" Id.

(citations omitted).  It is Plaintiff's burden, in seeking injunctive relief, to show a likelihood of success on the merits. Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 90 (3d Cir. 1992).

Plaintiff filed this lawsuit on August 25, 2005, and on February 27, 2006, an order was entered for service upon the majority of the named defendants.  (D.I. 2, 14.)  Approximately one month after the service order was entered, Plaintiff filed the pending motion seeking injunctive relief.  (D.I. 18.)

Plaintiff asserts that "last year" Lt. Senato and C/O Buff, non-defendants, threatened him with bodily harm.  He alleges that in February 2006, because of false charges brought by Senato, he was placed in administrative segregation for thirty-two days, released, and moved to pre-hearing detention.

Plaintiff contends when he was released from segregation on March 24, 2006, the charges were dismissed, and on that same date he was being forced to move into a potentially dangerous section of the prison.  Plaintiff alleges that he refused to be transferred, that measures were being taken to remedy the situation and that Lt. Senato "intercepted" and ordered Plaintiff's placement into pre-detention hearing.  Plaintiff alleges that on March 25, 2006, Lt. Senato again filed false charges and threatened him.  Plaintiff also contends that false institutional charges were brought to prevent him from contacting

2

anyone who may help him with this lawsuit.

Defendants respond that they were unaware that Plaintiff had filed a lawsuit until they received notice two weeks after Plaintiff filed the pending motion, on April 14 and 17, 2006. Defendants further argue that Plaintiff was not placed in administrative segregation in retaliation for filing this lawsuit, but that the placement was a direct result of Plaintiff's violation of several prison rules.

Next, the Defendants argue that neither of the individuals named by Plaintiff as threatening him (i.e., Buff and Senato) are named as a defendant in this lawsuit, and that Buff and Senato did not learn of the lawsuit until April of this year. Defendants supplied the affidavits of Buff and Senato to support their position that neither of these individuals had knowledge of Plaintiff's lawsuit.

Defendants also argue that Plaintiff cannot prove he suffered adverse action at the hands of the Defendants, reiterating that Senato was unaware of the lawsuit. Defendants note that since he filed his lawsuit, Plaintiff has not filed any grievances alleging that prior or subsequent to the filing of this lawsuit he has been threatened by an officer.

Defendants advise the Court that any discipline Plaintiff received was due to his violation of prison rules, and not due to filing this lawsuit. Defendants provided the Court with copies

of incident and disciplinary reports; one dated February 24, 2006 and the other dated March 24, 2006. In both instances Plaintiff was charged with disobeying prison rules. The dates of the reports coincide with the dates Plaintiff alleges he was a victim of retaliation. Finally, Defendants argue that Plaintiff will not suffer irreparable injury if the request for injunctive relief is denied. Plaintiff replied by asking the Court to order a lie detector test be administered to prove that Senato is lying.

Upon review of Plaintiff's motion and Defendants' response with supporting documentation, and Plaintiff's reply, the Court finds that Plaintiff has not met his burden to show a likelihood of success on the merits. While Senato and Butts allegedly treated Plaintiff poorly, the evidence before the Court is that these individuals were unaware of Plaintiff's pending lawsuit. Quite simply, there can be no retaliatory conduct for filing a lawsuit when one is unaware that a lawsuit has been filed. Additionally, the documentation provided by Defendants indicates that Plaintiff was disciplined as a result of violation of prison rules. Other than argument, Plaintiff provided nothing to support his position that he was placed in segregation in retaliation for the filing of this lawsuit.

Plaintiff has failed to meet the first prong necessary for imposition of injunctive relief; he has not demonstrated the

likelihood of success on the merits. Hence, his motion for injunctive is DENIED.

The motion for appointment of counsel is denied without prejudice. At this juncture in the case, Plaintiff has shown that he is able to clearly articulate the alleged facts and issues. See Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002); Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

NOW THEREFORE, IT IS HEREBY ORDERED this 2 day of June, 2006, that:

1. The motion for injunctive relief (D.I. 18) is **DENIED**.

2. The motion for appointment of counsel (D.I. 18) is **DENIED WITHOUT PREJUDICE**.

UNITED STATES DISTRICT JUDGE