IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICKY J. HAMBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-626-JJF |
| | ) |
| DR. KASTRE, et al., | ) |
| | ) |
| Defendants. | ) |

**STATE DEFENDANTS RAPHAEL WILLIAMS AND
STANLEY TAYLOR'S RESPONSE IN OPPOSITION TO
<u>PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF [RE: D.I. 34]</u>**

COMES NOW, the State Defendants Warden Raphael Williams and Commissioner Stanley Taylor (the "State Defendants"), by and through their undersigned counsel, and hereby respond in opposition (the "Response") to Plaintiff's Motion For Injunctive Relief (the "Motion") (D.I. 34). In support of the Response, the State Defendants state as follows:

1. Plaintiff, Ricky J. Hamby ("Hamby" or "Plaintiff") is an inmate at Howard R. Young Correctional Institution ("Howard Young"). He is appearing *pro se* in this matter and has been granted leave by this Court to proceed *in forma pauperis*.

2. On August 25, 2005, Hamby filed with this Court a Complaint pursuant to 42 U.S.C. § 1983, against the State Defendants, as well as other defendants, alleging, *inter alia*, that the defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment. (D.I. 2). State Defendants filed an Answer to the Complaint on May 4, 2006. (D.I. 32).

3. Over seven (7) months after he filed the Complaint, on March 30, 2006, Hamby filed a letter with the Court alleging that several officers were retaliating against him for filing the lawsuit. (D.I. 18). The Court construed the letter as a motion for injunctive relief. The State Defendants filed a response in opposition to the motion for injunctive relief on April 21, 2006. (D.I. 29). In a Memorandum Order dated June 3, 2006, the Court denied Hamby's motion for injunctive relief holding that Hamby had failed to meet his burden of showing a likelihood of success on the merits of his retaliation claims. (D.I. 36 at 4).

4. On May 31, 2006, Hamby filed another letter with the Court. (D.I. 34). This time Hamby claims that Officer George Wright ("Officer Wright") is retaliating against him for filing the lawsuit. On June 5, 2006, this Court ordered that the letter be construed as a motion for injunctive relief and that the State Defendants respond to the Motion. (D.I. 37). This is the State Defendants' Response in opposition to Plaintiff's Motion.

5. By his Motion Hamby claims that on May 25, 2006 several inmates entered into his cell to attack him (the "May 25th Incident") at the request of Officer Wright. Hamby further alleges that Officer Wright asked the inmates to attack him in retaliation for filing the lawsuit.

6. The State Defendants and Officer Wright deny the allegations in the Motion. Officer Wright was working on the 2Q pod on the day of the May 25th Incident. Just prior to the inmate altercation Officer Wright had given an order for the inmates to lock in. Wright Affidavit at A-1. Thus at the time of the fight some inmates were in their cell and some inmates were out of their cell. *Id.* After Officer Wright gave

the order to lock in he turned to the tierman on the pod and told him to take the foodcart out of the door. Wright Affidavit at A-2. Officer Wright then heard a loud noise. When he turned around he saw Hamby and another inmate fighting. *Id.*

      7.    Upon seeing the fight Officer Wright immediately called a Code 8 and gave a direct order for all inmates to lock in. Wright Affidavit at A-2; *see also* Exhibit B. The Quick Response Team then arrived accompanied by several other officers. *Id.* Inmate Hamby and the other inmate were then handcuffed and escorted to the infirmary and the 1E pod.[1] *Id.* Officer Wright later learned that the fight concerned Inmate Hamby's commissary and that someone may have been trying to steal Hamby's commissary. *See* Exhibit B. At no time did Officer Wright let any inmate into Hamby's cell. Moreover he did not commission other inmates to attack Hamby. Wright Affidavit at A-2. Therefore Hamby has no basis for his allegations and the request for injunctive relief should be denied.

      8.    A grant of injunctive relief is an extraordinary remedy. Thus a request for injunctive relief should only be granted in limited circumstances. *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989).

      9.    In the Third Circuit a district court should grant a request for preliminary injunction only if "(1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public

---

[1] Although Plaintiff states in his Motion that he was stabbed several times during the fight, the medical records from the day of the incident reveal that Plaintiff received an abrasion on his arm. The nurse on duty cleaned the abrasion and applied a couple of band-aids. *See* Exhibit C.

interest." *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1998). An injunction should only issue if all four factors favor relief. *See S & R Corporation v. Jiffy Lube International, Inc.*, 968 F.2d 371, 374 (3d Cir. 1992).

10. To obtain a preliminary injunction Hamby must satisfy all four factors. If Hamby cannot prove that he has a likelihood of success on the merits of his retaliation claim or that he is likely to suffer irreparable injury, the request for preliminary injunction should be denied. *See Instant Air*, 882 F.2d at 800.

    **I.**    **Plaintiff Is Not Likely To Succeed On The Merits Of His Claims.**

11. Plaintiff's Motion suggests that Officer Wright commissioned other inmates to attack him in retaliation for filing the lawsuit. To demonstrate a likelihood of success on the merits of a retaliation claim a plaintiff must show that (1) the conduct which led to the alleged retaliation was constitutionally protected; (2) he suffered some "adverse action" at the hands of the prison officials; and (3) his constitutionally protected conduct was "a substantial or motivating factor" in the adverse action. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). If the plaintiff can demonstrate a likelihood of success, the burden then shifts to the prison officials to demonstrate that "they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." *Id.* at 334.

    **A. Officer Wright was not aware Hamby had filed a lawsuit.**

12. The State Defendants and Officer Wright concede, for purposes of this Motion, that Hamby may have a constitutionally protected right to file the lawsuit. Officer Wright, however, is not a party to the lawsuit. Moreover Officer Wright did not

receive notice that Plaintiff had filed the lawsuit until after the May 25th Incident. *See* Wright Affidavit at A-1. Thus Officer Wright could not have retaliated against Hamby for filing the lawsuit when he was not aware of the existence of the lawsuit.

### B. Hamby did not suffer adverse action at the hands of Officer Wright.

13. Assuming, *arguendo*, that Hamby can prove Officer Wright was aware of his lawsuit, Hamby must also prove that he suffered adverse action at the hands of Officer Wright.

14. In his Motion Hamby claims that Officer Wright let inmates into his cell to attack him. Officer Wright, however, has never let inmates into a cell to beat other inmates. Wright Affidavit at A-2. Further Officer Wright did not request or permit any inmate to beat Inmate Hamby. *Id.*

15. Hamby provides no support for his allegation that the inmates attacked him at the request of Officer Wright. In fact Hamby has not even filed a grievance against Officer Wright for the May 25th Incident. Plaintiff's allegations against Officer Wright are unsubstantiated and meritless. Plaintiff has suffered no adverse action. Therefore he cannot support a claim of retaliation.

### C. The lawsuit was not a motivating factor in the May 25th Incident.

16. As previously mentioned Officer Wright did not have knowledge of Hamby's lawsuit prior to the May 25th Incident. Further the incident report regarding the May 25th Incident indicates that the fight between Hamby and the other inmate concerned Hamby's commissary. *See* Exhibit B. The fight did not relate to Plaintiff's

lawsuit.  Therefore Hamby cannot prove the lawsuit was a motivating factor in the May 25th Incident.

17.  Hamby's allegations do not support a claim of retaliation.  There are no facts to corroborate his claim that the May 25th Incident was at the behest of Officer Wright or the State Defendants.  Therefore Hamby does not have a substantial likelihood of succeeding on the merits of a retaliation claim and his request for injunctive relief should be denied.

## II.    Plaintiff Will Not Suffer Irreparable Injury If The Request For Injunctive Relief Is Denied.

18.  Hamby's Motion should also be denied because he cannot show that he will suffer irreparable injury.  To demonstrate irreparable injury a plaintiff must prove "more than a *risk* of irreparable harm …."  *Continental Group, Inc. v. Amoco Chemicals Corp.*, 614 F.2d 351, 359 (3d Cir. 1980) (emphasis added).  Injunctions are not issued to eliminate a possibility of a remote future injury.  *Id.*  Rather, courts issue an injunction where the movant has shown that he "is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued."  *SI Handling Systems, Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985).

19.  Plaintiff cannot prove that he will suffer irreparable injury if his request for relief is denied.  His claims of retaliation are unsubstantiated.  Officer Wright did not permit or request any inmate to attack Hamby in retaliation for filing the lawsuit.  There is, therefore, nothing to support Hamby's claim that he will suffer irreparable harm or injury if the Motion is denied.

20.  Further, assuming Plaintiff does have evidence to support his allegations, he has not proven that acts of retaliation are likely to occur at the time the

injunction is issued. Injunctive relief is used to prevent definite future harms, not to remedy past violations. *See SEC v. Bonastia*, 614 F.2d 908, 912 (3d Cir. 1980). Therefore Hamby is required to show that he will suffer some irreparable harm if the injunction is not issued. The record, however, does not reflect that Plaintiff will suffer any future irreparable harm. Thus a grant of injunctive relief is not proper.

21. Hamby's allegations are unfounded. The evidence demonstrates that neither Officer Wright nor the State Defendants retaliated against Hamby. Moreover it is clear that Hamby will not suffer any irreparable injury if the injunction is denied. Therefore Plaintiff has not satisfied the factors for injunctive relief and his Motion should be denied.

WHEREFORE, the State Defendants respectfully request that this Honorable Court deny Plaintiff's Motion for Injunctive Relief.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Carvel State Office Building, 6th Floor
820 N. French Street
Wilmington, DE 19801
(302) 577-8400
Attorney for State Defendants Raphael Williams and Stanley Taylor

Dated: June 9, 2006

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICKY J. HAMBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-626-JJF |
| | ) |
| DR. KASTRE, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Upon the Plaintiff's Motion For Injunctive Relief (D.I. 34), and State Defendants Raphael Williams And Stanley Taylor's Response In Opposition To Plaintiff's Motion For Injunctive Relief; and it appearing that good and sufficient notice of Plaintiff's Motion and Defendants' Response has been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** that Plaintiff's Motion For Injunctive Relief is **DENIED**.

SO ORDERED this _____ day of _____, 2006.

_____
The Honorable Joseph J. Farnan, Jr.
United States District Court Judge

# **CERTIFICATE OF SERVICE**

I, Erika Y. Tross, Esq., hereby certify that on June 9, 2006, I caused a true and correct copy of the attached **STATE DEFENDANTS RAPHAEL WILLIAMS AND STANLEY TAYLOR'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF [RE: D.I. 34]** to be served on the following individual in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Inmate Ricky J. Hamby
SBI #191377
Howard R. Young Correctional Institution
P.O. Box 9561
Wilmington, DE 19809

**MANNER OF DELIVERY:**

___ One true copy by facsimile transmission to each recipient

✓ Two true copies by first class mail, postage prepaid, to each recipient

___ Two true copies by Federal Express

___ Two true copies by hand delivery to each recipient

/s/ Erika Y. Tross
Erika Y. Tross (#4506)
Deputy Attorney General
Department of Justice
State of Delaware
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for State Defendants Raphael
Williams and Stanley Taylor