IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RICKY J. HAMBY,                          :
                                         :
       Plaintiff,                       :
                                         :
v.                                       :   Civil Action No. 05-626-JJF
                                         :
DR. ALI, DR. ARAMBURO, WARDEN            :
RAPHAEL WILLIAMS, COMMISSIONER           :
STAN TAYLOR, DR. FISHER, and             :
DIANE HERNANDEZ,                         :
                                         :
       Defendants.                      :

## MEMORANDUM ORDER

    Plaintiff, an inmate currently incarcerated at the Delaware Correctional Center, filed a letter (D.I. 15) requesting the Court to appoint counsel to assist him in the prosecution of the above-captioned action.  By Order dated March 28, 2006 (D.I. 17), the Court denied Plaintiff's request with leave to refile.  By letter motion dated March 27, 2006 and docketed on March 30, 2006 (D.I. 18), Plaintiff filed a second request for the appointment of counsel, which the Court denied without prejudice.  (D.I. 36). On June 20, 2006, the Court held a Status Conference in this matter and sua sponte revisited Plaintiff's request for representation.  For the reasons discussed, the Court will grant Plaintiff's request for counsel and refer this matter to the Federal Civil Panel to determine if an attorney is available to represent Plaintiff.

    Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request an attorney to represent any person unable to afford counsel.  In

addition to the threshold inquiry regarding the plaintiff's financial condition, the Court should also consider such factors as: (1) whether the plaintiff's case has some arguable merit in law or fact, (2) the plaintiff's ability to present his case, (3) the difficulty of the legal issues involved, (4) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation, (5) the extent to which a case is likely to turn on credibility determinations, and (6) whether the case will require expert testimony. Tabron v. Grace, 6 F.3d 147, 155-157 (3d Cir. 1993).

The Court has granted Plaintiff's request to proceed in forma pauperis, and therefore, the Court finds that Plaintiff is unable to afford counsel. Plaintiff has set forth arguably meritorious claims, and given the nature of those claims, the Court is persuaded that the appointment of counsel is warranted. In particular, the Court notes that Plaintiff's claim for retaliation is likely to require significant factual investigation. Given the nature of Plaintiff's claim, the Court is also persuaded that Plaintiff is likely to encounter difficulties in conducting such a factual investigation. Further, Plaintiff's retaliation claim is likely to turn on credibility determinations, and Plaintiff's Eighth Amendment claim may ultimately require the testimony of an expert witness. Accordingly, the Court is persuaded that the Tabron factors weigh in favor of the appointment of counsel in this case.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall present this Request for Representation to the Federal Civil Panel to determine if an attorney is available to represent Plaintiff.

2. The Standing Order of the Court regarding the establishment of the Federal Civil Panel and the provisions of said Order are incorporated herein by reference.

_June 21, 2006_
Date

_____
UNITED STATES DISTRICT JUDGE