**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| RICKY J. HAMBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-626-JJF |
| | ) | |
| DR. ALI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**STATE DEFENDANTS' COMBINED FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF**

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), State Defendants Raphael Williams and Stanley Taylor, (hereinafter "State Defendants") hereby propound to Plaintiff, the following interrogatories (the "Interrogatories"), and requests for production of documents (the "Document Requests" and, collectively with the Interrogatories, the "Discovery Requests"), to be answered or responded to in writing and, where required under the applicable rules, under oath, within thirty (30) days of the date of service hereof.

**DEFINITIONS**

1. "State Defendants," shall mean defendants Raphael Williams and Stanley Taylor.

2. "Plaintiff," "you," or "your" shall mean plaintiff Ricky J. Hamby.

3. "Complaint" shall mean the complaint filed in the above-captioned action as subsequently amended.

4. "Answer" shall mean the State Defendants' answer to the Complaint, as may have been subsequently amended.

5. "DOC" shall mean the Delaware Department of Correction and any of its affiliates, subsidiaries, employees, independent contractors, and any other person or entity under the control of DOC.

6. "DCC" shall mean the Delaware Correctional Center and any of its affiliates, subsidiaries, employees, independent contractors, and any other person or entity under the control of DCC.

7. "Howard Young" shall mean the Howard R. Young Correctional Institution and any of its affiliates, subsidiaries, employees, independent contractors, and any other person or entity under the control of Howard Young.

8. "Document" or "documents" shall have the meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure, and shall include, without limitation, any writing, recording, photograph, computer data base, data bank, report, memoranda, books summarizing, ledgers or other item containing information of any kind or nature, whether in draft or final form, however produced or reproduced, whatever its origin or location, and regardless of the form in which such information exists or is maintained.

9. "Communication" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, including both oral and written communications.

10. "Person" refers to any individual, corporation, partnership, association or other entity.

11. The phrases "refer", "relate to", "referring to", or "relating to" shall mean directly or indirectly reflecting, referring, relating, containing, pertaining, indicating, showing, concerning, constituting, evidencing, describing, discussing or mentioning.

12. The terms "and" or "or" shall mean and include both the conjunctive and the disjunctive.

13. "Identify" when used with respect to a person means to provide the following information:

(a) the name, telephone number, and residential address of the person; and

(b) the name of the present employer, place of employment, business and job title of the person.

14. "Identify" when used with respect to an entity means to provide the following information:

(a) the name, telephone number and address of the entity; and

(b) the name of the entity's owners, principals, officers, and/or partners.

15. "Identify" when used with respect to a document means to provide the following information:

(a) the nature of the document (e.g., letter, contract, memorandum, etc.);

(b) the date of the document;

(c) the preparer and/or source of the document and all recipients of the document;

(d) the substance in detail of the document; and

(e) each person who now has custody, possession or control of the document.

16. "Identify" when used with respect to a communication means to provide the following information:

(a) the date of the communication;

(b) whether the communication was oral or written;

(c) any person who sent, received, or had knowledge of the communication;

(d) the substance in detail of the communication; and

(e) any document embodying the communication.

## INSTRUCTIONS

1. Each Discovery Request shall be answered fully and in writing and, where required by the applicable rules, under oath.

2. If you claim a privilege as to any of the information requested to be identified and/or produced in the Discovery Requests, specify the privilege claimed, the communication or other matter as to which such claim is made, the subject of the communication or other matter and the basis upon which you assert the claim of privilege.

3. For any answer in which you claim the information sought is unknown or unavailable, please state what efforts were made to obtain the information, who made those efforts, to whom communications were directed, and the results of those efforts.

4. Unless otherwise specified, these Discovery Requests seek information and documents prepared on or after May 1, 2004.

5. These Discovery Requests shall be deemed to be continuing so as to require supplemental responses and/or production in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

**INTERROGATORIES**

**INTERROGATORY NO. 1:** With respect to the claims asserted in your Complaint, state the following:

a. identify all facts that refute, relate to, or support your claims;

b. identify the specific behavior or conduct that you allege that the State Defendants engaged in;

c. the names and present or last known addresses and telephone numbers of all persons having knowledge of any of the facts set forth in answer to subparagraph (a) hereof;

d. identify all documents that reflect, refer to or relate to such contention or facts.

**RESPONSE:**

**INTERROGATORY NO. 2:** Identify each instance of retaliation you claim you experienced as a result of filing this lawsuit.

**RESPONSE:**

**INTERROGATORY NO. 3:** Describe in detail the retaliation you claim you experienced by State Defendant Taylor.

**RESPONSE:**

**INTERROGATORY NO. 4:** Describe in detail the retaliation you claim you experienced by State Defendant Williams.

**RESPONSE:**

**INTERROGATORY NO. 5:** Identify (a) every communication you have had with anyone, other than your attorney, concerning the retaliation you claim you experienced or this litigation, including but not limited to memoranda, journals, diaries, letters, or petitions that you have written; (b) any person with knowledge of such communication(s); and (c) all documents supporting, evidencing, referring or relating to those communications.

**RESPONSE:**

**INTERROGATORY NO. 6:** Identify (a) every communication you have had with the State Defendants concerning the retaliation you claim you experienced; (b) any person with knowledge of such communication(s); and (c) all documents supporting, evidencing, referring or relating to those communications.

**RESPONSE:**

**INTERROGATORY NO. 7:** If you allege that you filed an inmate grievance relating to the retaliation you claim you experienced, what date was said grievance filed on? If your grievance relating to the retaliation you claim you experienced was rejected, describe in detail what facts contributed to the rejection.

**RESPONSE:**

**INTERROGATORY NO. 8:** Identify each and every document in your possession and control that relates to the retaliation you claim you experienced.

**RESPONSE:**

**INTERROGATORY NO. 9:** Identify any individual you allege witnessed in any manner any aspect of the retaliation you claim you experienced.

**RESPONSE:**

**INTERROGATORY NO. 10:** Identify each document in your possession and control that relates to the injuries you allegedly sustained from any retaliation you claim you experienced.

**RESPONSE:**

**INTERROGATORY NO. 11:** Identify any prior or subsequent grievances you filed concerning any and all interactions with the State Defendants. If the grievance was rejected, describe in detail the facts that contributed to the rejection.

**RESPONSE:**

**INTERROGATORY NO. 12:** Identify each and every alleged correspondence you sent to or received from the State Defendants as mentioned on page one (1) of the Statement of Claim of your Initial Complaint (D.I. 2).

**RESPONSE:**

**INTERROGATORY NO. 13:** State the following:

a. describe in detail any information regarding any injuries, illness or diseases you have ever been diagnosed with prior to your incarceration at Howard Young;

b. identify the date on which you became aware of such information;

c. identify all persons having knowledge of such information including any treating doctors or specialists; and

d. identify all documents referring or relating to such information.

**RESPONSE:**

**INTERROGATORY NO. 14:** State the following:

a. describe in detail any information regarding any injuries, illness or diseases you have ever been diagnosed with during your incarceration at Howard Young;

b. identify the date on which you became aware of such information;

c. identify all persons having knowledge of such information including any treating doctors or specialists; and

d. identify all documents referring or relating to such information.

**RESPONSE:**

**INTERROGATORY NO. 15:** Describe in detail:

a. the injuries you claim you received on May 10, 2004;

b. the manner in which you obtained the injuries you claim you received on May 10, 2004; and

c. the cause of the injuries you received on May 10, 2004.

**RESPONSE:**

**INTERROGATORY NO. 16:** Describe in detail how the State Defendants refused you treatment for your alleged injuries while incarcerated at Howard Young.

**RESPONSE:**

**INTERROGATORY NO. 17:** Identify all physicians you have seen or been treated by in the past 10 years, including name, office address, telephone number, dates of examination or treatment, and the medical problem involved, if any.

**RESPONSE:**

**INTERROGATORY NO. 18:** Describe any and all incidents you have had while incarcerated in which you have been transferred to a behavioral modification unit, to a higher security area or to any other more restricted setting.

**RESPONSE:**

**INTERROGATORY NO. 19:** Identify all of your criminal convictions in the past fifteen (15) years, including the court, jurisdiction, date of conviction, date of sentencing, and the terms of the sentence.

**RESPONSE:**

**INTERROGATORY NO. 20:** Identify all employment you have had in the past fifteen (15) years, including the name and address of each employer, name of supervisor, dates of employment, rate of pay, job title and responsibilities, and reason for termination.

**RESPONSE:**

**INTERROGATORY NO. 21:** State the total amount of damages you are claiming and the computation used to arrive at the sum.

**RESPONSE:**

**INTERROGATORY NO. 22:** Identify each person you intend to call as a fact witness at any trial or hearing in this matter and state the subject matter on which each such witness is expected to testify.

**RESPONSE:**

**INTERROGATORY NO. 23:** Identify each person you have retained or specifically employed to provide expert testimony in this action or whom you intend to call as an expert witness at the trial of this matter and state the subject matter on which such expert is expected to testify, the substance of the facts and opinions to which such expert is expected to testify and a summary of the grounds for each opinion.

**RESPONSE:**

**INTERROGATORY NO. 24:** Identify all persons who provided information for all or any part of your answers to these Discovery Requests and, for each person named, identify the request as to which each such person provided information.

**RESPONSE:**

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 1:** All documents requested to be identified in the Interrogatories set forth above.

**RESPONSE:**

**REQUEST NO. 2:** All documents reviewed, relied upon or used in responding to the Interrogatories set forth above.

**RESPONSE:**

**REQUEST NO. 3:** Any and all documents, medical reports, notes, reports of diagnostic tests, charts, diagrams, images, emergency room or ambulance reports, or any other medical records, whether generated prior to, on or following May 1, 2004, which detail your claims of retaliation.

**RESPONSE:**

**REQUEST NO. 4:** Any and all documents, medical reports, notes, reports of diagnostic tests, charts, diagrams, images, emergency room or ambulance reports, or any other medical records, whether generated prior to, on or following May 1, 2004, which detail any injury you suffered as a result of the retaliation you claim you received for filing your lawsuit.

**RESPONSE:**

**REQUEST NO. 5:** All grievances you filed referring or relating to the retaliation you claim you received as a result of filing your lawsuit.

**RESPONSE:**

**REQUEST NO. 6:** All sick call slips you filed referring or relating to the injuries you claim you received from the retaliation you claim you experienced as a result of filing your lawsuit.

**RESPONSE:**

**REQUEST NO. 7:** Any and all documents which comprise any diary, journal, log, or other written account of the retaliation you claim you received or which describe, detail, or document any other aspect of your life since you have been incarcerated, or which relate to any aspect of the retaliation you received or your injuries which pre-exist your incarceration.

**RESPONSE:**

**REQUEST NO. 8:** Any and all correspondence you sent to or received from the State Defendants as mentioned on page one (1) of the Statement of Claim of your Initial Complaint (D.I. 2).

**RESPONSE:**

**REQUEST NO. 9:** Any and all documents, medical reports, notes, reports of diagnostic tests, charts, diagrams, images, emergency room or ambulance reports, or any other medical records for you from the following institutions:

a. the Winston Salem, North Carolina hospital in which you were treated and/or admitted;

b. the Orthopedic Bone Specialist of Boon, North Carolina;

c. Christiana Hospital of Delaware;

d. St. Francis Hospital of Delaware;

e. Baltimore Trauma Center; and

f. the Orthopedic Bone Specialist of Seaford, Delaware.

**RESPONSE:**

**REQUEST NO. 10:** Any and all documents referring or relating to the treatment you received at Christiana Hospital on May 10, 2004.

**RESPONSE:**

**REQUEST NO. 11:** All sick call slips you filed referring or relating to the pain and injuries you claim you suffered at Howard Young.

**RESPONSE:**

**REQUEST NO. 12:** All incident reports filed against you by any officer or correctional employee at Howard Young, DCC or any other Delaware correctional facility.

**RESPONSE:**

**REQUEST NO. 13:** With respect to each person whom you expect to call as an expert witness at or in connection with the trial or other evidentiary hearing in this case:

a. all documents provided to or reviewed by the expert;

b. a current curriculum vitae, resume and any other documents which describe the expert's current qualifications;

c. all reports or other documents produced by the expert which express any findings, conclusions and/or opinions about any of the issues in this case;

d. all documents upon which the expert's findings, conclusions and/or opinions are based; and

e. all exhibits to be used as a summary of or support for the expert's findings, conclusions and/or opinions.

**RESPONSE:**

**REQUEST NO. 14:** All documents that you intend to introduce into evidence at the trial of this action.

**RESPONSE:**

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for State Defendants Raphael Williams and Stanley Taylor

Dated: August 23, 2006

# CERTIFICATE OF SERVICE

I, Erika Y. Tross, Esq., hereby certify that on August 23, 2006, I caused a true and correct copy of the attached ***State Defendants' Combined First Set Of Interrogatories And Requests For Production Of Documents Directed To Plaintiff*** to be served on the following individual in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Inmate Ricky J. Hamby
SBI #191377
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**MANNER OF DELIVERY:**

__One true copy by facsimile transmission to each recipient

✓Two true copies by first class mail, postage prepaid, to each recipient

__Two true copies by Federal Express

__Two true copies by hand delivery to each recipient

*/s/ Erika Y. Tross*

Erika Y. Tross (#4506)
Deputy Attorney General
Department of Justice
State of Delaware
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for State Defendants Raphael Williams and Stanley Taylor