**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| RICKY J. HAMBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-626-JJF |
| | ) |
| DR. ALI, et al., | ) |
| | ) |
| Defendants. | ) |

**STATE DEFENDANTS'**
**REQUESTS FOR ADMISSION DIRECTED TO PLAINTIFF**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "Federal Rules"), State Defendants Raphael Williams and Stanley Taylor, hereby propound to Plaintiff, the following requests for admission (the "Admission Requests"), to be answered or responded to in writing and, where required under the applicable rules, under oath, within thirty (30) days of the date of service hereof.

**DEFINITIONS**

1. "State Defendants" shall mean defendants Raphael Williams and Stanley Taylor.

2. "Warden Williams" shall mean defendant Raphael Williams, Warden of Howard R. Young Correctional Institution.

3. "Plaintiff," "you," or "your" shall mean plaintiff Ricky J. Hamby.

4. "Complaint" shall mean the complaint filed in the above-captioned action as subsequently amended.

5. "Answer" shall mean the State Defendants' answer to the Complaint, as may have been subsequently amended.

6. "DOC" shall mean the Delaware Department of Correction and any of its affiliates, subsidiaries, employees, independent contractors, and any other person or entity under the control of DOC.

7. "DCC" shall mean the Delaware Correctional Center and any of its affiliates, subsidiaries, employees, independent contractors, and any other person or entity under the control of DCC.

8. "Howard Young" shall mean the Howard R. Young Correctional Institution and any of its affiliates, subsidiaries, employees, independent contractors, and any other person or entity under the control of Howard Young.

9. "Document" or "documents" shall have the meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure, and shall include, without limitation, any writing, recording, photograph, computer data base, data bank, report, memoranda, books summarizing, ledgers or other item containing information of any kind or nature, whether in draft or final form, however produced or reproduced, whatever its origin or location, and regardless of the form in which such information exists or is maintained.

10. "Communication" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, including both oral and written communications.

11. "Person" refers to any individual, corporation, partnership, association or other entity.

12. The phrases "refer", "relate to", "referring to", or "relating to" shall mean directly or indirectly reflecting, referring, relating, containing, pertaining,

indicating, showing, concerning, constituting, evidencing, describing, discussing or mentioning.

  13. The terms "and" or "or" shall mean and include both the conjunctive and the disjunctive.

  14. "Identify" when used with respect to a person means to provide the following information:

   (a) the name, telephone number, and residential address of the person; and

   (b) the name of the present employer, place of employment, business and job title of the person.

  15. "Identify" when used with respect to an entity means to provide the following information:

   (a) the name, telephone number and address of the entity; and

   (b) the name of the entity's owners, principals, officers, and/or partners.

  16. "Identify" when used with respect to a document means to provide the following information:

   (a) the nature of the document (e.g., letter, contract, memorandum, etc.);

   (b) the date of the document;

   (c) the preparer and/or source of the document and all recipients of the document;

   (d) the substance in detail of the document; and

(e) each person who now has custody, possession or control of the document.

17. "Identify" when used with respect to a communication means to provide the following information:

(a) the date of the communication;

(b) whether the communication was oral or written;

(c) any person who sent, received, or had knowledge of the communication;

(d) the substance in detail of the communication; and

(e) any document embodying the communication.

## INSTRUCTIONS

1. Each Admission Request shall be answered fully and in writing and, where required by the applicable rules, under oath.

2. If you claim a privilege as to any of the information requested to be identified and/or produced in the Admission Requests, specify the privilege claimed, the communication or other matter as to which such claim is made, the subject of the communication or other matter and the basis upon which you assert the claim of privilege.

3. For any answer in which you claim the information sought is unknown or unavailable, please state what efforts were made to obtain the information, who made those efforts, to whom communications were directed, and the results of those efforts.

4.      Unless otherwise specified, these Admission Requests seek information and documents prepared on or after May 1, 2004.

5.      These Admission Requests shall be deemed to be continuing so as to require supplemental responses and/or production in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**     Admit that you have never personally met Warden Raphael Williams.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:**     Admit that you have never personally met Stanley Taylor.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:**     Admit that you did not tell Warden Williams about the above-captioned lawsuit prior to March 2006.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:**     Admit that you did not tell Stanley Taylor about the above-captioned lawsuit prior to March 2006.

**RESPONSE:**

- 6 -

**REQUEST FOR ADMISSION NO. 5:** Admit that you did not tell Timothy Buff about the above-captioned lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:** Admit that you did not tell Kevin Senato about the above-captioned lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:** Admit that you did not tell George Wright about the above-captioned lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:** Admit that you did not tell any employee of Howard Young about the above-captioned lawsuit prior to March 2006.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:** Admit that you never filed a grievance against Timothy Buff.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:** Admit that you never filed a grievance against Kevin Senato.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:** Admit that you never filed a grievance against George Wright.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:** Admit that you never filed a grievance at Howard Young alleging that an officer had threatened you since the filing of your lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:** Admit that Warden Williams did not retaliate against you for filing the above-captioned lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:** Admit that Stanley Taylor did not retaliate against you for filing the above-captioned lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:** Admit that you were examined by the medical staff at Howard Young while you were incarcerated at Howard Young.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:** Admit that you were receiving care from the medical staff at Howard Young while you were incarcerated at Howard Young.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:** Admit that you were receiving treatment from the medical staff at Howard Young while you were incarcerated at Howard Young.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 18:** Admit that you were receiving medication from the medical staff at Howard Young while you were incarcerated at Howard Young.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 19:** Admit that Warden Williams has never performed a medical examination on you.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 20:** Admit that Stanley Taylor has never performed a medical examination on you.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 21:** Admit that Warden Williams never made any promises to you regarding your medical care.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 22:** Admit that Stanley Taylor never made any promises to you regarding your medical care.

**RESPONSE:**

              **DEPARTMENT OF JUSTICE**
              **STATE OF DELAWARE**

              */s/ Erika Y. Tross*
              Erika Y. Tross (#4506)
              Deputy Attorney General
              820 N. French Street, 6th Floor
              Wilmington, DE  19801
              (302) 577-8400
                  Attorney for State Defendants Raphael Williams and Stanley Taylor

Dated:  October 4, 2006

# CERTIFICATE OF SERVICE

I, Erika Y. Tross, Esq., hereby certify that on October 4, 2006, I caused a true and correct copy of the attached *State Defendants' Requests For Admission Directed To Plaintiff* to be served on the following individual in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Inmate Ricky J. Hamby
SBI #191377
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**MANNER OF DELIVERY:**

___One true copy by facsimile transmission to each recipient

✓Two true copies by first class mail, postage prepaid, to each recipient

___Two true copies by Federal Express

___Two true copies by hand delivery to each recipient

/s/ Erika Y. Tross
Erika Y. Tross (#4506)
Deputy Attorney General
Department of Justice
State of Delaware
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for State Defendants Raphael Williams and Stanley Taylor